IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

Case No._____

Julie Scardino,

       Plaintiff,

vs.

The School Board of Hillsborough
County, Florida

       Defendant.

-------------------------------------------/

COMPLAINT FOR DECLARATORY
JUDGMENT, PERMANENT INJUNCTION AND
OTHER RELIEF

      Plaintiff, Julie Scardino (Scardino or Plaintiff), through her undersigned counsel, sues the Defendant, The School Board of Hillsborough County, Florida (School Board or Defendant) and shows:

## SUMMARY OF ACTION

1. This is a civil action seeking injunctive relief, a declaratory judgment and damages against Defendant, The School Board of Hillsborough County, Florida (School Board) who, under color of state law and in violation of Plaintiff's constitutional rights, required Plaintiff to submit to a random, suspicionless drug screen of her urine in violation of the 4th Amendment.  Scardino was randomly tested solely because she opted to drive a School Board owned vehicle for her job as a Regional Superintendent which involved travel among the schools she was responsible for, meeting with the schools' principals and other administrators.  Previously, Plaintiff drove her own vehicle for the same School Board business and was reimbursed for the resulting mileage on her vehicle; when driving her own vehicle for the same purposes, she was *not* subject to the random drug testing policy that is the subject of this action.

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

2. Plaintiff seeks an order declaring such suspicionless drug screen testing and any policy or practice under which such testing has occurred to be unconstitutional and an injunction prohibiting such continued testing as a condition of employment with the School Board for those individuals, like Scardino, who drive District vehicles that are *not* subject to the U.S. Department of Transportation (USDOT) drug and alcohol testing regulations contained in 49 CFR part 40 or the drug and alcohol testing regulations for entities regulated by the Federal Motor Carrier Safety Administration (FMCSA) in 49 CFR part 382.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

3. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343, by reason of the federal question alleged herein.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as Defendant maintains offices and performs its official duties in this judicial district, and the acts and conduct complained of occurred in this judicial district.

## PARTIES

5. Plaintiff, Julie Scardino, ("Scardino") is a citizen of the State of Florida, and of the United States of America, and was employed by the Defendant as a Regional Superintendent at the time of the unlawful search that is the subject of this action.

6. Defendant, The School Board of Hillsborough County, Florida, ("School Board") is the governing body for the Hillsborough County Public School District (the "District"), which provides primary public education in Hillsborough County, Florida.  At all material times, School

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

Board, acted under color of state law, custom and usage, and is sued herein solely in its official capacity for its policy and practice related to suspicionless random drug screen testing of employees like Scardino.

## **FACTS**

7.   Scardino has been an education professional for 30 years: 10 years as a Teacher (8 earlier in her career and 2 years following the reassignment that is the subject of this action); 5 years as an Assistant Principal; and, 12 years as a Principal.

8.   At the time Plaintiff was required to submit to a random urine collection and screening, she had been employed by the School Board as a Regional Superintendent for almost 3 1/2 years.

9.   As Regional Superintendent, Scardino's duties included, but were not limited to, recruiting, selecting, hiring, developing, supporting, evaluating, and retaining high-quality school leaders within each assigned school level. Scardino supervised a region of 21 schools including 17 elementary schools and four K-8 schools.

10. Plaintiff's Supervision responsibilities included fostering the professional growth and development of school-based administrators, meeting with school principals, assistant principals, and school leadership teams to align school-based work around District initiatives and priorities, and improving student achievement outcomes as measured by State accountability measures.

11.   On October 3, 2023, Scardino was required to submit to the collection and testing of her urine pursuant to the Hillsborough County Public Schools Safe Driver Plan (the "Policy") which states, in relevant part:

> **With the exception of individuals operating Driver's Education vehicles, all employees who operate or are required by position description to operate District vehicles will be subject to random and post-crash drug and alcohol testing. A positive**

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

**result on a random drug test will result in a referral to the office of Professional Standards for termination. The Plan does not apply to employees who drive their personal vehicles to perform their regular job duties, whether or not mileage reimbursement is received from the District.**

13.    Under the School Board's drug testing policy, all employees who drive a School Board vehicle are required to be part of a pool of individuals who are subject to random drug screen testing through urinalysis, even when there is no reasonable suspicion that the employee is using or has used drugs, and where such testing is not otherwise required by law (such as the Federal DOT regulations) and even in a case like Scardino's, where drug use is contraindicated.

14.    Defendant had no reasonable suspicion that Scardino was using illegal drugs prior to requiring that she submit to random urinalysis as a condition of continued employment.

15.    Since Scardino does not use any illegal drugs and was, according to the Defendant, randomly chosen for the urine screen, she submitted to the collection of her urine so she would not be terminated for refusing.

16.    Scardino's urine tested positive for THC metabolites.  Scardino does not use marijuana.  However, at the time her urine was collected, Scardino was using over-the-counter CBD products, which are not illegal, for medical purposes.

17.    While many CBD products, including the one Plaintiff was taking at the time of the test, represent that they contain no Tetrahydrocannabinol ("THC"), the CBD supplement industry is completely unregulated and products asserting that they have no THC have been found to contain varying amounts of THC, resulting in users seeking relief from common ailments such as headaches or insomnia, unwittingly ingesting THC and testing positive despite no intentional use. *See*, Johnson E, Kilgore M, Babalonis S. *Cannabidiol (CBD) product contamination: Quantitative*

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

_____

*analysis of Δ9-tetrahydrocannabinol (Δ9-THC) concentrations found in commercially available CBD products*. Drug Alcohol Depend. 2022 Aug 1;237:109522. doi: 10.1016/j.drugalcdep.2022.109522. Epub 2022 Jun 3. PMID: 35690015; PMCID: PMC9899037.

18.    Notwithstanding that she had never been accused of being impaired on the job and had been tested without any reasonable suspicion that she used any illicit drugs, Scardino was removed from her position as a Regional Superintendent.

19.    Instead of being demoted to the level of a principal, a position she had previously held at three schools for a period of 12 years before she was charged as Regional Superintendent with responsibility for a number of principals and other administrators, Plaintiff was placed in a teaching position at a K-8 School.

20.    As a direct and proximate result of the School Board's Policy which subjected Scardino to an unconstitutional search and seizure of her bodily fluid without any reasonable suspicion, Plaintiff has suffered damages including an adverse employment action.

21.    Any conditions precedent to maintaining this action have been met, have occurred or have been waived.

## COUNT I

### 42 USC §1983 - VIOLATION OF RIGHT TO FREEDOM FROM UNLAWFUL SEARCHES AND SEIZURES UNDER FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION

22.    Plaintiff adopts and realleges paragraphs 1 through 21, as though fully set forth here.

23.    The Fourteenth Amendment of the United States Constitution guarantees no state shall deprive any person of liberty without due process of law.  The Fourth Amendment of the United States Constitution, applicable to the states under the Fourteenth Amendment, guarantees the right

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

of the people (including public employees) to be secure in their persons, and to enjoy freedom from the fear of unreasonable searches and seizures.

24.    Acting under color of state law, custom or usage, Defendant's Policy of imposing random, suspicionless drug testing of individuals who drive a School Board vehicle that is not subject to Federal DOT regulations, as applied to Plaintiff, has deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution by interfering with her fundamental rights to freedom from unreasonable searches and seizures without adequate justification and without exhausting less restrictive measures.

25.    As a direct and proximate result of Defendant's violation of Plaintiff's constitutional rights to freedom from unreasonable, unnecessary and thus, unlawful searches and seizures, Defendant has caused and continues to cause the harm to Plaintiff alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a)    Grant permanent injunctive relief enjoining Defendant from requiring random, suspicionless drug testing via urinalysis drug testing of individuals who drive a School Board vehicle that is not subject to Federal DOT regulations;

b)    Enter a declaratory judgment declaring unconstitutional Defendant's Policy of conducting random, suspicionless drug testing via urinalysis of individuals like Scardino, who drive a School Board vehicle that is not subject to Federal DOT regulations, as an unwarranted, unnecessary and unlawful search and seizure of Plaintiff's bodily fluids;

c) Award Plaintiff compensatory damages, including, but not limited to, lost backpay, lost benefits, lost earning capacity and other actual damages, together with damages to

Complaint
Julie Scardino v. The School Board of Hillsboro County, Florida

compensate Plaintiff for the embarrassment, humiliation, inconvenience and hurt resulting from the above-stated violations of her rights under the United States Constitution;

d) Reinstate Plaintiff to the position of Regional Superintendent that she held before she was demoted based on the violation of her constitutional rights, with all of the accrued status, seniority, rights and benefits she would have been entitled to but for the Defendant's violations of the Constitution asserted herein;

e) Enter an order pursuant to Rule 57, Fed. R. Civ. P., setting a speedy hearing and advancing the cause on the trial calendar;

f) Award Plaintiff her reasonable costs, litigation expenses and attorneys' fees. pursuant to 42 U.S.C. §1988 in this cause; and,

g) Grant such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all issues so triable.

DATED:    <u>June 24, 2026</u>

Respectfully submitted,

By:    <u>/s/ *Ephraim Hess*        </u>
EPHRAIM ROY HESS
Florida Bar No. 983100
HESS LAW FIRM
205 Davie Boulevard
Fort Lauderdale, Fl 33315
(954) 585-8599
erh@thehessfirm.com
jl@thehessfirm.com
erhpalaw@gmail.com